| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Susan Fairchild | | Telephone: (313) 226-9577 |
| | Agent: Ryan Medina | | Telephone: (734) 676-2972 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Javier BERNAL-CANO

Case No. Case: 2:23–mj–30010
Assigned To : Unassigned
Assign. Date : 1/11/2023
Description: COMP USA V.
BERNAL–CANO (KB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 07, 2023__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. Section 1326(a) | Unlawful Reentry Following Removal From United States |

This criminal complaint is based on these facts:

On or about January 07, 2023, in the Eastern District of Michigan, Southern Division, Javier BERNAL-CANO, an alien from Mexico was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about May 12, 2014, at or near Del Rio, TX and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto: in violation of Title 8, United States Code, Section 1326 (a).

☑ Continued on the attached sheet.

*Complainant's signature*

Ryan Medina Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: January 11, 2023

*Judge's signature*

City and state: Detroit, MI

Jonathan J.C. Grey, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Ryan Medina, declare the following under penalty of perjury:

1. I am a Border Patrol Agent employed with the United States Department of Homeland Security, having served with Border Patrol since June 2009. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers and record checks of law enforcement databases. I have also reviewed relevant immigration records and system automated data relating to Javier BERNAL-CANO, which reveal the following:

2. BERNAL-CANO is a 42 year-old citizen and native of Mexico, who last entered the United States on an unknown date, at an unknown place, without inspection by the U.S. Department of Homeland Security.

3. On August 19, 2004, BERNAL-CANO was voluntary returned to Mexico from Laredo, TX.

4. On May 11, 2005, BERNAL-CANO was encountered by ICE in Collin County jail, McKinney, Texas. BERNAL-CANO was allowed a voluntary return to Mexico.

5. On September 21, 2007, BERNAL-CANO was convicted of driving while intoxicated, in Collin County, McKinney, TX. He was sentenced to 40 days' jail.

6. On September 24, 2007, BERNAL-CANO was encountered by ICE in Collin County jail, McKinney, Texas. BERNAL-CANO was allowed a voluntary return to Mexico.

7. On May 5, 2014, BERNAL-CANO was processed as an Expedited Removal at Carrizo Springs, United States Border Patrol Station.

8. On May 6, 2014, BERNAL-CANO was convicted of Illegal Entry, in violation of Title 8 U.S.C. §1325, in Del Rio, TX. He was sentenced to 10 days' jail.

9. On May 12, 2014, BERNAL-CANO was removed to Mexico through the International Bridge, Del Rio, TX.

10. On Saturday, January 7, 2023, at about 10:00 am, Michigan State Police requested Border Patrol assistance on a vehicle stop on I-75 near the 23-mile

marker. MSP Sergeant Preston had stopped a white pickup truck for speeding and encountered six subjects in the vehicle. He occupants did not speak English. Gibraltar Border Patrol Agents Nathan Halash, Richard Gossett, and Roland Renuad responded to the scene.

11. On arrival, the Agents contacted the six passengers in the truck, identified themselves as US. Border Patrol Agents, and questioned the six subjects as to their citizenship and nationality. All six subjects claimed to be citizens and nationals of Mexico. Five of the subjects, including Javier BERNAL-CANO, admitted to not being in possession of any immigration documents that would allow them to enter, remain, or pass through the United States. All six subjects were arrested and transported to the Gibraltar Border Patrol Station for processing. The driver of the vehicle was determined to be a United States Citizen.

12. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any non-citizen entering or attempting to enter the United States, or any non-citizen present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of noncitizens.

13. A review of immigration records (A #XXX XXX 552) for Javier BERNAL-CANO and queries in U.S. Department of Homeland Security databases reveal that no record exists of Javier BERNAL-CANO obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal from the United States on or about May 12, 2014.

14. Based on the above information, there is probable cause to believe that, on or about January 7, 2023, in the Eastern District of Michigan, Southern Division, Javier BERNAL-CANO, an alien, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about May 12, 2014 and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission

thereto; all in violation of Title 8, United States Code, Section 1326(a).

_____
Ryan Medina
Border Patrol Agent

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Jonathan J.C. Grey
U.S. Magistrate Judge
Date: January 11, 2023